**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)**

| | |
|---|---|
| **Sung Jin KIM,**<br>13530 Giant Court,<br>Germantown, MD 20874,<br> Plaintiff,<br><br>-against-<br><br>**MONTGOMERY CUSTOM TAILOR INC,**<br>7110 Democracy Boulevard<br>Bethesda, MD 20817,<br>**SERVE: Sung Man KIM, Registered Agent**<br>2614 Hershfield Court<br>Silver Spring, MD 20904,<br><br>**Peter Lim,**<br>7110 Democracy Boulevard<br>Bethesda, MD 20817,<br><br>and<br><br>**Lisa Lim,**<br>7110 Democracy Boulevard<br>Bethesda, MD 20817.<br> Defendants. | Civil Action Number: _____<br><br>**JURY TRIAL REQUESTED** |

**COMPLAINT**

Plaintiff, Sung Jin Kim, by his attorneys, (Michael) Hyunkweon Ryu, as and for his Complaint herein, alleges and shows to this Court the following:

**Nature of Action, Jurisdiction and Venue**

1. Plaintiff, a former employee of Defendants Peter Lim, Lisa Lim and Montgomery Custom Tailor, Inc., respectfully submits this Complaint alleging that the Defendants violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (the "FLSA") and the Maryland Wage and Hour Law, Md. Ann. Code, Lab. & Empl., § 3-401, *et seq.,* (the "MWHL"). Defendants also owe wages to Plaintiff under the Maryland Wage Payment

1

Collection Law, Md. Ann. Code, Lab. & Empl., § 3-501, *et seq.* (the "MWPCL"). Plaintiff further alleges that Defendants' failure to pay the overtime wages is willful and intentional.

2. This Court has jurisdiction over the claims asserted in this action under Md. Code Ann., Courts Jud. Proc., §§ 6-102 & 103.

3. Venue is proper in this Court under Md. Code Ann., Courts Jud. Proc., § 6-201.

**Parties and Facts**

4. All relevant times hereto, Plaintiff Sung Jin Kim was an adult resident of Montgomery County, Maryland.

5. All relevant times hereto, Defendant Peter Lim and Lisa Lim are adult residents of Montgomery County, Maryland.

6. All relevant times hereto, Peter Lim and Lisa Lim are the husband and wife to each other.

7. At all relevant times hereto, Defendant Montgomery Custom Tailor, Inc. ("Montgomery Tailor") was a forfeited Maryland corporation.

8. At all relevant times hereto, Defendant Montgomery Tailor's registered agent in Maryland was Sung Man Kim with the address at 2614 Hershfield Court, Silver Spring, MD 20817.

9. At all times relevant hereto, Defendant Montgomery Tailor maintained its principal office at 7110 Democracy Boulevard, Bethesda, MD 20817.

10. At all times relevant hereto, Defendant Montgomery Tailor maintained its headquarters at 7110 Democracy Boulevard, Bethesda, MD 20817.

11. At all times relevant hereto, Defendant Montgomery Tailor maintained its management at 7110 Democracy Boulevard, Bethesda, MD 20817.

12. At all times relevant hereto, Defendant Montgomery Tailor stored its stock of sewing supplies, including threads, needles, sewing machines, fabric, at 7110 Democracy Boulevard, Bethesda, MD 20817.

13. At all times relevant hereto, Defendant Montgomery Tailor maintained its principal place of business at 7110 Democracy Boulevard, Bethesda, MD 20817.

14. At all times relevant hereto, Defendants Peter and Lisa Lim maintained their principal place of business at 7110 Democracy Boulevard, Bethesda, MD 20817 by owning, operating and managing Montgomery Tailor.

15. At all times relevant hereto, Defendant Montgomery Tailor engaged in providing alterations, and custom tailoring services at 7110 Democracy Boulevard, Bethesda, MD 20817.

16. Plaintiff worked for Defendants at 7110 Democracy Boulevard, Bethesda, MD 20817, providing tailoring and alteration services.

17. Plaintiff was assigned to the work set forth above by Defendants.

18. All times relevant hereto, Plaintiff regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

19. All times relevant hereto, Plaintiff performed work for Defendants the said excess of forty (40) hours per week work as an express condition of his continued employment.

20. At all times relevant hereto, Plaintiff was an employee of Defendants.

21. Plaintiff at all times relevant hereto was an individual employed in the State of Maryland by Defendants.

22. Plaintiff was at all times relevant hereto a non-exempt employee within the meaning of the FLSA, the MWHL and the MWPCL and the implementing rules and regulations thereof.

23. Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendants.

24. Plaintiff was required to report to work for Defendants at a certain time.

25. Plaintiff could not set his own hours of work for Defendants.

26. Plaintiff was not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

27. Defendant Peter and Lisa Lims were at all times relevant hereto the owner, director, president, treasurer, secretary and/or CEO of the corporate Defendant Montgomery Tailor.

28. Defendants Lims managed, supervised, established and administered the terms and conditions of Plaintiff' employment.

29. Defendants Lims participated in and approved of the pay practices of the corporate Defendant Montgomery Tailor.

30. Defendants Lims was involved in assigning work to Plaintiff.

31. Defendants Lims had the power and authority to discipline Plaintiff.

32. Defendants Lims exercised authority over the terms and conditions of Plaintiff' employment, including the amount and the manner in which Plaintiff was paid.

33. Defendants Lims hired Plaintiff.

34. Defendants Lims was in charge of paying employees.

35. Defendants Lims told Plaintiff where to work and when to work.

36. At all times relevant hereto, the annual gross dollar volume of sales or receipts of Defendant Montgomery Tailor, including the gross dollar volume (not limited to income) derived from all sales and business transactions including gross receipts from service, credit, or other similar charges, excluding internal transactions, if any, and excluding any excise taxes at the retail level which were stated separately exceeds and exceeded $500,000.00.

37. Defendants, during at all times relevant hereto, had two or more employees who regularly processed credit cards.

38. The majority of the said sewing supplies, including thread, needles, fabric, sewing machines wore , produced in the states other than Maryland such as California and Florida, or foreign countries such as China for the sale for interstate commerce and later shipped or imported through interstate commerce to Maryland and eventually Defendants for sale to customers.

39. Particularly, Defendants purchased the majority of the sewing supplies from a store in Virginia.

40. Defendants used the sewing supplies to provide their services to customers, and most of the threads that Defendants purchased were eventually handed over to customers as a part of the alterations and custom tailoring.

41. Plaintiff's work for Defendants was performed almost all the time using the sewing supplies.

42. As a result, Defendants were engaged in the interstate commerce, and Plaintiff was engaged in the interstate commerce for his work for Defendants.

43. Defendants employed Plaintiff to do work for them in the State of Maryland.

44. Defendants held Plaintiff out as employee.

45. Defendants employed and paid Plaintiff as their employee.

46. Defendants were "employers" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

47. Defendants were "employers" of Plaintiff, as defined by the MWHL, § 3-401.

48. Defendants were "employers" of Plaintiff, as defined by the MWPCL, § 3-501.

49. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

50. Defendants, during at all times relevant hereto, were subject to the MWHL and MWPCL due to the nature and location of their business.

51. Defendants provided the tools, equipment and materials for Plaintiff to do his job with Defendants.

52. Defendants never paid the proper amount of overtime wages to Plaintiff.

53. Defendants did not keep posted the notice required by the MWHL, § 3-423 or 29 C.F.R. § 516.4.

54. Defendants either actually or constructively knew Plaintiff's work in excess of forty (40) hours per week.

55. A detailed calculation of unpaid overtime hours with approximate dates of work is set forth as follows:

| Period start date | Period end date | Weeks in the period | Weekly Pay | Weekly Hours | Regular Rate of Pay For Period (weekly hours/weekly pay) | Overtime per week | Weekly Unpaid Overtime | Unpaid overtime for the period |
|---|---|---|---|---|---|---|---|---|
| 1/30/2012 | 1/30/2013 | 52.29 | $525.00 | 63.00 | $8.33 | 23.00 | $95.83 | $5,010.71 |
| 1/31/2013 | 6/30/2018 | 282.29 | $600.00 | 63.00 | $9.52 | 23.00 | $109.52 | $30,917.01 |
| 7/1/2018 | 1/30/2019 | 30.43 | $600.00 | 52.50 | $11.43 | 12.50 | $71.43 | $2,173.47 |
| | | | | | | | Unpaid overtime for the entire period | $38,101.19 |
| | | | | | | | Liquidated damages under FLSA | $38,101.19 |

|  |  |
|---|---|
| Total damages before court cost and attorney fee award under FLSA | **$76,202.38** |
| Total damages under MWPCL before court cost and attorney fee award | **$114,303.57** |

56. Defendants employed and paid Plaintiff as his employee.

57. At all times relevant hereto, Defendants were aware that it was legally required to pay Plaintiff one and one-half times Plaintiff's regular rate for all hours worked in excess of 40 hours in any one workweek.

58. At all times relevant hereto, Defendants were aware that it was legally required to promptly pay Plaintiff all wages legally due to Plaintiff.

59. At all times relevant hereto, Defendants were aware that it was legally required to timely pay Plaintiff all wages legally due to Plaintiff.

60. Defendants failed to pay Plaintiff for overtime compensation for hours worked in excess of 40 hours per workweek.

61. No exemption from overtime wages applied to Plaintiff' employment with Defendants.

62. No exemption from overtime applies or applied to Plaintiff when he worked or works more than 40 hours in a workweek for Defendants.

63. Defendants do not have good faith basis for his failure to properly pay Plaintiff for overtime wages.

64. Defendants withheld the wage of Plaintiff in violation of the MWPCL, including § 3-502 or § 3-505, and not as a result of a bona fide dispute.

65. Defendants' failure to properly pay Plaintiff for the overtime wages was willful.

66. At all times relevant hereto, Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiff, or of how much Plaintiff was paid for Plaintiff's work, as required by 29 C.F.R. § 516 and by the MWPCL § 3-424.

67. Defendants intentionally did not provide Plaintiff with statements of the gross earnings and deductions from those gross earnings as required by the MWPCL § 3-504.

68. Defendants intentionally did not provide Plaintiff with statements that itemized the actual number of hours worked and the amounts paid per hour, in order to conceal the actual number of hours Plaintiff worked and Plaintiff's hourly rate.

69. Defendants deliberately did not record the number of hours worked on Plaintiff's paychecks so as to conceal the actual amount of wages due to Plaintiff.

70. Defendants did not keep posted the notice required by the MWHL, § 3-423 or 29 C.F.R. § 516.4.

71. Upon information and belief, Defendants never obtained legal advice that their pay practices and/or policies were compliant with the FLSA.

72. Upon information and belief, Defendants never obtained legal advice that their overtime pay practices and/or policies were compliant with the MWHL and MWPCL.

73. Upon information and belief, Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

74. Upon information and belief, Defendants never obtained any written guidance from the Maryland Department of Labor, Licensing & Regulation concerning their pay practices and policies.

75. At all times relevant hereto, the acts and omissions of Defendants, and each of them, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and damages alleged herein.

76. At all times relevant hereto, Defendants, and each of them, approved of, condoned and/or otherwise ratified each and every one of the acts or omissions of the other Defendants complained of herein.

77. At all times relevant hereto, Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendants, thereby proximately causing the damages as herein alleged.

### Count I: Violation of FLSA

78. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

79. Plaintiff is entitled to proper pay under the FLSA, 29 U.S.C. §§ 206-207.

80. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

81. Defendants violated the FLSA by failing to pay Plaintiff at least one and one-half times of Plaintiff's regular hourly rate for hours worked in excess of 40 hours in any one workweek.

82. Defendants' FLSA violations were willful.

83. Plaintiff has been damaged by Defendants violations in an amount presently to be determined at the trial of this action but at least to be twenty-four thousand thirteen dollars eighty-nine cents for the unpaid wages.

84. For their FLSA violations, Defendants are liable to Plaintiff for unpaid wages including overtime compensation, an equal amount as liquidated damages, court costs,

reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

### Count II: Violation of MWHL

85. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

86. The MWHL requires employers to pay employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. Md. Code, Lab. & Empl., §§ 3-415 and 3-420.

87. Defendants violated the MWHL by failing to pay Plaintiff one and one-half times Plaintiff's regular hourly rate for hours worked in excess of 40 hours in any one workweek.

88. Defendants' MWHL violations were willful.

89. Plaintiff has been damaged by Defendants violations in an amount presently to be determined at the trial of this action but at least to be twenty-four thousand thirteen dollars eighty-nine cents for the unpaid wages.

90. For their MWHL violations, Defendants are liable to Plaintiff for unpaid overtime compensation, an additional amount equal to the unpaid compensation as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

### Count III: Violation of MWPCL

91. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

92. The MWPCL requires each employer shall pay an employee or the authorized representative of an employee all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated, and each employer shall set regular pay periods; and shall pay each employee at least once in every 2 weeks or twice in each month in United States currency; or by a check that, on demand, is convertible at face value into United States currency. Md. Code, Lab. & Empl., § 3-501 et seq.

93. The "compensation" required to be paid by the MWPCL includes overtime wages.

94. Defendants violated the MWPCL (including Md. Code, Lab. & Empl., § 3-502 and § 3-505) by failing to timely pay Plaintiff for all hours, including overtime.

95. Defendants' MWPCL violations were willful.

96. Plaintiff has been damaged by Defendants violations in an amount presently to be determined at the trial of this action but at least to be Twenty-four thousand thirteen dollars eighty-nine cents for the unpaid wages, including the regular wages and overtime wages.

97. For their MWPCL violations, Defendants are liable to Plaintiff for three times the amount of unpaid wages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants, jointly and severally, on all counts, and grant the following relief:

A. Award Plaintiff $114,303.57, consisting of the following overlapping elements:

    a. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

   b. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl., § 3-427; and

   c. three times the amount of unpaid overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. § 3-507.2(b);

  B. Award Plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action under FLSA, MWHL and MWPCL;

  C. Award Plaintiff prejudgment and post judgment interest as permitted by law;

  D. Award Plaintiff court costs;

  E. Award Plaintiff the costs and expenses, including attorney's fee, for the collection of the judgment and awards if it becomes necessary; and

  F. Award any additional relief the Court deems just.

## REQUEST FOR JURY TRIAL

Plaintiff requests that a jury of his peers hear and decide his claim.

         Respectfully submitted,

         By Sung Jin Kim,

Through his counsel:

/s/ (Michael) Hyunkweon Ryu
(Michael) Hyunkweon Ryu
MD CPF ID: 0912170110
Ryu & Ryu, PLC
301 Maple Ave West
Suite 620
Vienna VA 22180
michaelryu@ryulawgroup.com
Attorney for Plaintiff